THE LAW [OFFICE OF]
MARK B. [ ]
ATTORN[EY]
3413 WHIT[E PLAINS ROAD]
BRONX, NE[W YORK]

TEL: (718) 231-1515
FAX: (718) 231-3003

Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150
VIA ECF

Re: Latia Williams v. Tar[get]
Docket No.: 21-cv-9604 (PMH)

> The Court shall hold an in person conference to discuss the parties' discovery disputes at 11:00 a.m. in person in Courtroom 520 in the White Plains Courthouse on April 27, 2022.
>
> The parties shall file jointly by April 20, 2022, copies of documents required to adjudicate the dispute (i.e., discovery requests and responses).
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 13.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> April 15, 2022

Dear Judge Halpern,

In accordance with Your Honor's Individual Practices, we write to you regarding two discovery disputes between the parties. The first dispute is regarding plaintiff's request to conduct a site inspection of the accident location. The second dispute is regarding defendant's request for a collateral course authorization that is unrestricted in both time and content.

### Regarding the site inspection dispute:

Plaintiff served her Combined Demands on defendant on January 27, 2022. Included in said demand was a "Notice to Permit Entry," that stated as follows:

> "You are hereby required to permit the representatives of the plaintiff to enter into the defendant's premises, located at 500 East Sandford Boulevard, Mount Vernon, New York, on the **10th day of February, 2022**, at **10:00 a.m.** in the forenoon of that day for the purpose of inspecting, measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on it. If that date and time does not work for counsel's schedule, please immediately so advise, and a suitable date and time can be selected."

In response thereto, defense counsel Ian E. Hannon, Esq. sent plaintiff's counsel Michael A. Rubin, Esq. a letter dated February 1, 2022, which stated, *inter alia*, that defendant objected to said Notice to Permit Entry due to it being "overbroad, untailored and vague," and further on the grounds

that "plaintiff fails to specify the location to be inspected, the methods and means of inspection, or the identities of the individuals who will conduct the inspection." Defendant further objected to the timing of the notice, alleging that plaintiff did not provide reasonable notice of the inspection and that plaintiff improperly designated the inspection during business hours (although in plaintiff counsel Michael A. Rubin, Esq.'s email to defense counsel wherein said documents were provided, Mr. Rubin did state "in my Notice to permit Entry, I selected February 10, at 10 AM for the site inspection. Please let me know if that date and time work for you. If not, then please advise of your availability."). Lastly, defendant alleged that "plaintiff alleges to have slipped from a transient condition. Accordingly, there is no basis whatsoever for an inspection."

In response to this letter, Mr. Rubin called Mr. Hannon on the phone on February 1, 2022, and asked Mr. Hannon if he was in fact refusing to permit a site inspection. This phone call lasted 5-10 minutes. The sum and substance of said phone call was that Mr. Hannon affirmed that Target maintained its objection to plaintiff's request for a site inspection for the reasons set forth in his response letter. Moreover, Mr. Hannon reiterated Target's position that plaintiff is not entitled to conduct said site inspection because she fell due to a transient condition, that no longer exists.

In an effort to alleviate some of the concerns that Mr. Hannon raised in his February 1st, 2022 letter regarding the request for a site inspection, Mr. Rubin sent Mr. Hannon a letter dated March 1, 2022, wherein, *inter alia*, Mr. Rubin advised what the proposed site inspection would consist of, as well as the names of the people that would attend. Mr. Rubin further stated in his letter that he was not aware of any Federal rules, local rules, or caselaw, that stated that falling due to a transient condition disqualified a plaintiff from conducting a site inspection. The letter asked Mr. Hannon to advise if he would thus withdraw his objection to plaintiff's demand to inspect the premises.

In response to this March 1, letter, Mr. Hannon wrote a letter dated March 17, 2022, which stated, *inter alia*, that Mr. Rubin's March 1 letter did not sufficiently specify what plaintiff intended to measure or photograph, nor the exact location (Mr. Rubin disagrees with this assessment). More specifically, Mr. Rubin again advised of his intent to measure and photograph the area "around"

where plaintiff allegedly fell.  Target's position is that this is intentionally vague and subjective language that does not limit the area or items of inspection.  Mr. Hannon further stated that plaintiff's demand was "certainly premature ahead of depositions."  In that same letter, Mr. Hannon stated that he was still missing a collateral source authorization for plaintiff.

### Regarding the collateral source authorization dispute:

In response to Mr. Hannon's March 17, 2022 letter, Mr. Rubin wrote a letter dated March 25, 2022, in which he advised that he objected to defendant's demand for a "collateral source authorization" because Mr. Hannon was not specific in what he was seeking. Mr. Rubin further stated that he objected to providing an authorization that is unrestricted in time and content that would enable the defendant to obtain all of plaintiff's health insurance records dating back an unlimited number of years, as such an authorization would undoubtedly yield myriad privileged and unrelated health records and information to which defendant is not entitled.

In response to this March 25, 2022 letter, Mr. Hannon sent an email dated March 25, 2022, wherein he responded to plaintiff's objection that defendant's demand for a collateral source authorization is vague.  Mr. Hannon stated that Target cannot specify which collateral source plaintiff had at the time of the accident, as said information is within plaintiff's knowledge and control. Additionally, this information was sought as part of Target's Combined Demands, which plaintiff did not provide.  He further stated that plaintiff's pre-accident diagnosis of lower back pain would entitle Target to plaintiff's pre-accident records.  Plaintiff does not dispute that defendant is entitled to certain pre-accident records.  Plaintiff objects to providing an authorization that would enable defendant to delve unrestricted into plaintiff's entire health file with her health insurance company.

As such, in summary, defendant objects to plaintiff's request for a site inspection, claiming that plaintiff is not entitled to same because she fell due to a transient condition, and also because of an alleged failure to state with specificity what will be inspected and measured and photographed. Plaintiff objects to providing any collateral source authorization, claiming that same will yield myriad privileged and unrelated health records.

Accordingly, for the reasons set forth herein, the parties respectfully request a pre-motion conference or alternatively, that the parties be permitted to fully brief the issues in motion form. Thank you for the opportunity to address the Court in this matter.

Respectfully submitted,

Michael A. Rubin, Esq. and Ian E. Hannon, Esq.